UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:18-cr-480-T-23TGW
     18 U.S.C. § 922(g)(1)

RYAN PERRIN

### SUPERSEDING INFORMATION

The United States Attorney charges:

### COUNT ONE

On or about April 25, 2017, in the Middle District of Florida, the defendant,

RYAN PERRIN,

knowing that he had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

1. Aggravated Assault, on or about August 4, 2014;

2. Battery of a Law Enforcement Officer, on or about August 4, 2014; and

3. Aggravated Assault, on or about August 4, 2014,

did knowingly possess, in and affecting interstate and foreign commerce,

a firearm, that is, (i) a Bersa .380 caliber semiautomatic pistol; and (ii) a CBC .22 caliber semiautomatic rifle.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## COUNT TWO

On or about May 8, 2017, in the Middle District of Florida, the defendant,

RYAN PERRIN,

knowing that he had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, including:

1. Aggravated Assault, on or about August 4, 2014;

2. Battery of a Law Enforcement Officer, on or about August 4, 2014; and

3. Aggravated Assault, on or about August 4, 2014,

did knowingly possess, in and affecting interstate and foreign commerce, a firearm and ammunition, that is, (i) two Taurus 9mm semiautomatic pistols; (ii) a Taurus .38 caliber revolver; (iii) two Maverick Arms/Mossberg 12 gauge shotguns; (iv) five rounds of Federal .38 caliber ammunition; and (v) 82 rounds of Federal 9mm ammunition.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## **FORFEITURE**

1.    The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2.    Upon conviction of a violation of 18 U.S.C. § 922(g), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in the violation.

3.    If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

                                      MARIA CHAPA LOPEZ
                                      United States Attorney

By: _____
      Taylor G. Stout
      Assistant United States Attorney

By: _____
      James C. Preston
      Assistant United States Attorney
      Deputy Chief, Violent Crimes and
      Narcotics Section